# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Alexandria Division

FEB - 6 2013

UNITED STATES OF AMERICA
v.

Case Number: 1:12CR00027-001

YONATHAN MELAKU,

Defendant.

USM Number: 79418-083

Defendant's Attorney: Geoffrey P. Gitner, Esquire
and William R. Martin, Esquire, pro hac vice

## AMENDED JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count 1, 2 and 3 of the criminal Information.

Accordingly, the defendant is adjudicated guilty of the following counts involving the indicated offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 18 U.S.C. 1361 | Injury to government property by shooting with firearm | Felony | October 19, 2010 | 1 |
| 18 U.S.C. 924(c)(1)(A) | Use of firearm during crime of violence | Felony | October 19, 2010 | 2 |
| 18 U.S.C. 1369 | Attempted injury to Veterans' memorials on government property | Felony | June 17, 2011 | 3 |

As pronounced on January 11th, 2013, the defendant was sentenced as provided in pages 2 through 6 of the original Judgment. This Amended Judgment amends the sentence imposed on January 11th, 2013 as it relates to supervised release only, to reflect the supervised release term imposed by the Court in its February 4, 2013 Order. No other changes to defendant's original sentence have been made. The sentence is imposed pursuant to 18 U.S.C. 3553 and the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this ____ day of January, 2013.

/s/
Gerald Bruce Lee
United States District Judge

Defendant's Name: MELAKU, YONATHAN
Case Number: 1:12CR00027-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of ONE HUNDRED AND TWENTY (120) MONTHS one Count 1, and ONE HUNDRED AND TWENTY (120) MONTHS as to Count 2 to run consecutively to the sentence imposed on Count 1, and SIXTY (60) MONTHS as to Count 3, this term to run consecutively to the sentences on Count 1 and Count 2, for a total custody sentence of THREE HUNDRED (300) MONTHS.

The Court makes the following recommendations to the Bureau of Prisons:
   That defendant be designated to serve his sentence at FMC Butner, North Carolina, or another federal medical center that is located close to his home.
   That defendant receive mental health treatment during his incarceration and that he waive any confidentiality associated with mental health treatment.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows: _____

Defendant delivered on _____ to_____
at_____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant's Name: **MELAKU, YONATHAN**
Case Number: **1:12CR00027-001**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS as to Count 1, FIVE (5) YEARS as to Count 2, and THREE (3) YEARS as to Count 3, these terms to run concurrently with one another, for a total supervised release term of FIVE (5) YEARS, pursuant to the February 4, 2013 Order of this Court.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of Supervised Release.
The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state or local crime.
The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.
The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
If this judgment imposes a fine or restitution obligation, it is a condition of Supervised Release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:
1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 09/11)(VAED rev. 2) Judgment in a Criminal Case
Sheet 3A – Supervised Release

Defendant's Name: MELAKU, YONATHAN
Case Number: 1:12CR00027-001

# SPECIAL CONDITIONS OF SUPERVISION

While on Supervised Release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1.) In the event that restitution is not paid immediately, then it shall be a special condition of supervised release that defendant must pay restitution at the monthly rate of ONE HUNDRED AND FIFTY ($150.00) DOLLARS, until restitution has been paid in full.

2.) Defendant must participate in mental health treatment while on supervised release at the direction of the Probation Officer, and waive any confidentiality associated with mental health treatment, to allow the Probation Officer to have access to his associated treatment records, physicians, and health provider(s).

AO 245B (Rev. 09/11)(VAED rev. 2) Judgment in a Criminal Case
Sheet 5 – Criminal Monetary Penalties

Defendant's Name: MELAKU, YONATHAN
Case Number: 1:12CR00027-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $111,215.98 as to Count 1, Count 2, and Count 3 together |
| 2 | $100.00 | $0.00 | Included in total above at Count 1 |
| 3 | $100.00 | $0.00 | Included in total above at Count 1 |
| TOTALS: | $300.00 | $0.00 | $111,215.98 total as to as to all the counts, 1, 2, and 3 together. |

## FINES

No fines have been imposed in this case.

## RESTITUTION

The defendant must make restitution to the following payees in the amount listed below, as directed by the Probation Officer.

| | |
|---|---|
| National Museum of the Marine Corps., Triangle, Virginia | $94,109.83 |
| The Pentagon, Arlington, Virginia | $15,144.00 |
| U.S. Marine Corps. Recruiting Substation, Chantilly, Virginia | $ 1,365.15 |
| U.S. Coast Guard Recruiting Office, Triangle, Virginia | $   597.00 |

**Total Restitution** $111,215.98

Defendant's Name: MELAKU, YONATHAN
Case Number: 1:12CR00027-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

The special assessment and restitution shall be due in full immediately.

Interest on the restitution is WAIVED.

The defendant shall forfeit the defendant's interest in the following property to the United States:

   No order of forfeiture was entered in this case.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed. Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.