IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA

v.

YONATHAN MELAKU,

   Defendant-Petitioner.

Criminal No. 1:12-cr-00027-GBL
Civil No. 1:16-cv-00698-GBL

## SUPPLEMENTAL RESPONSE OF THE UNITED STATES

The United States submits this pleading in response to the Court's order of August 9, 2017 [Dkt 82], inviting supplemental responses from the government and Defendant-Petitioner Melaku regarding Melaku's petition under 28 U.S.C. § 2255 and the government's motion to dismiss that petition. In its order, the Court invited the parties to make supplemental filings with respect to Melaku's challenge to his conviction under 18 U.S.C. § 924(c) in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). The government primarily reiterates the argument presented in its motion to dismiss:  Melaku lacks a viable claim under *Johnson* because his § 2255 motion challenging his § 924(c) conviction is untimely under 28 U.S.C. § 2255(f)(3). Indeed, as discussed in greater detail below, since the government filed its initial motion to dismiss, the authorities supporting the government's position have multiplied, including a Fourth Circuit opinion issued last week, *United States v. Brown*, __ F.3d ___, 2017 WL 3585073 (4th Cir. Aug. 21, 2017). Accordingly, Melaku's petition is ripe for a decision and his request for further stay of the proceedings should be denied and his petition dismissed.

## BACKGROUND

On January 26, 2012, defendant Melaku appeared before this Court and entered a knowing and voluntary pre-indictment guilty plea to a three-count criminal information charging him with:

injury to property of the United States by shooting with a firearm and causing damage in excess of $1,000, in violation of 18 U.S.C. § 1361 (Count One); using, carrying and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two); and attempted injury to veterans' memorials on property of the United States, in violation of 18 U.S.C. § 1369 (Count Three).  The offenses to which Melaku pleaded guilty arose from a series of five nighttime shootings he carried out against the Pentagon and three other military-related buildings in the Northern Virginia area in the fall of 2010, as well as a June 17, 2011 attempt to desecrate graves in Arlington National Cemetery of veterans of the U.S. military engagements in Afghanistan and Iraq. With respect to the shooting incidents:

On October 17, 2010, between 12:30 a.m. and 7:30 a.m., the defendant fired ten 9mm rounds at the National Museum of the Marine Corps in Triangle, Virginia, causing bullet holes in several windows and at the base of the building. Sometime during the early morning hours of October 29, 2010, the defendant returned to the area of the Marine Corps Museum and again fired shots at the Museum, striking windows and a portion of the base of the Museum building. During this incident, Melaku set up a video camera within the interior of his automobile in order to record the shooting. A video recording of this incident was later recovered by law enforcement agents during a search of the defendant's residence. A review of the recording showed Melaku, wearing a ski mask, driving past the Marine Corps Museum, repeatedly firing a handgun from the vehicle out the passenger-side window. On the video (an excerpt of which was attached as Exhibit 1 to the Statement of Facts), Melaku narrated the incident and stated, among other things, the following:

> That's a military building and that's the building I'm going to be targeting. . . . Last time I hit them, they turned off the lights for like . . . four or five days. . . . Punks! Now, here we go again.  This time, I'm gonna turn it off permanently. Alright. Alright, next time I turn on this video, I'm gonna be shooting them. That's what they get. . . . That's the target. That's the military building that's going to, gonna get attacked.

Melaku then made some additional statements and began firing. At the conclusion of multiple shots, Melaku exclaimed "Allahu Akbar" repeatedly. The total cost for replacement of glass windows and repairs of other damage caused to the Museum from shots fired by Melaku in both shootings was $94,109.83.

During the early morning hours of October 19, 2010, the defendant fired multiple shots from his 9mm semi-automatic pistol at the Pentagon, striking the south-side exterior of the Pentagon between the first and fourth floors as well as individual windows on the third and fourth floors. Bullets penetrated the outer layer of the protective windows and were trapped and did not penetrate the interior layer. The cost to repair damage to the windows and exterior of the Pentagon (including material, equipment and labor) was $15,144.00.

Sometime between the evening of October 25, 2010, and the early morning hours of October 26, 2010, the defendant fired shots from his 9mm semi-automatic pistol at the Marine Corps recruiting sub-station in Chantilly, Virginia. At least one window of the substation was damaged from the gunshots, causing a total of $1,365.15 in repairs.

Sometime between the evening of November 1, 2010, and the early morning hours of November 2, 2010, the defendant fired at least one shot from his 9mm semi-automatic pistol at the U.S. Coast Guard recruiting office in Woodbridge, Virginia. The front door frame and locking mechanism of the office were damaged, resulting in a cost of $597.00 for repairs.

Pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, in a written plea agreement, Melaku agreed to accept a total sentence of 25 years' imprisonment on all three counts.

Immediately after he entered his guilty plea, counsel for Melaku made an oral motion for the defendant to be committed for a mental evaluation pursuant to 18 U.S.C. § 4244. As directed by the Court, counsel for the defendant subsequently filed a written motion for said evaluation.

The motion was initially denied by the Court but later granted following the submission by the defendant of additional evidence.

The defendant was subsequently transferred to FCC Butner, where he was ultimately diagnosed with Schizophrenia and recommended for treatment in an inpatient psychiatric facility, such as a Bureau of Prisons Federal Medical Center.  However, Melaku was deemed fit for sentencing and returned to appear before the Court, where he was sentenced on January 11, 2013 to a total term of imprisonment on all three counts of 300 months.

On June 21, 2016, Melaku filed a motion under 28 U.S.C. § 2255. As the Court noted in its most recent order, "Petitioner argues that injury to government property by shooting with a firearm as prescribed by 18 U.S.C. § 1361 categorically fails to constitute a "crime of violence" under § 924(c)(3)(A) (the force clause).  Petitioner also argues that, in light of *Johnson*, the 'residual clause' within § 924(c)(3)(B) is unconstitutionally vague and therefore violates his right to due process." [Dkt 82 at 2.]  On July 29, 2016, the Court ordered the Government to respond to Petitioner's § 2255 Motion within sixty days. [Dkt 78.] On September 21, 2016, the government filed a motion to dismiss. [Dkt 79.] The government's motion to dismiss argued that Melaku's motion is untimely under the one-year statute of limitations under 28 U.S.C. § 2255(f). On September 23, 2016, the Court entered an order holding the case in abeyance because issues related to Petitioner's Motion were pending on appeal in other cases. (Dkt. 80.) On August 9, 2017, the Court issued an order inviting the parties to submit supplemental briefs regarding Melaku's § 2255 motion and the government's motion to dismiss. (Dkt. 82.)

**ARGUMENT**

I.     **Melaku's *Johnson*-based challenge to his § 924(c) convictions is untimely under 28 U.S.C. § 2255.**

In its motion to dismiss, the government argued that Melaku's challenge to his convictions under § 924(c) was untimely. Normally, a defendant may file a motion under § 2255 within one year of his conviction becoming final. *See* 28 U.S.C. § 2255(f)(1). Melaku's conviction became final in January 2013, so his § 2255 petition filed in June 2016 is untimely by more than two years. Section 2255(f)(3), however, provides an exception allowing defendants to file a § 2255 motion within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In his motion, Melaku invoked § 2255(f)(3) and pointed to *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the so-called "residual clause" of the Armed Career Criminal Act ("the ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii). Contrary to Melaku's argument, however, by invalidating the residual clause of the ACCA, *Johnson* did not announce a "newly recognized" right regarding § 924(c), the statute under which Melaku was convicted. For that reason, the government argued, Melaku's motion is untimely and the exception created by § 2255(f)(3) is not available to him.

As the government argued in its motion to dismiss, for a defendant to satisfy § 2255(f)(3), the Supreme Court itself must be the judicial body to establish the right the defendant is asserting, *Dodd v. United States*, 545 U.S. 353, 357 (2005). Critically, § 2255(f)(3) requires that the Supreme Court *itself* recognize the specific substantive right at issue. A defendant "has one year from the date on which the right he asserts was initially recognized *by this Court*." *Dodd*, 545 U.S. at 357 (emphasis added). In addition, and as the Court put it in *Dodd*, § 2255(f)(3) provides that when the Supreme Court "decides a case recognizing a new right, a federal prisoner seeking to assert *that*

*right* will have one year from [the Supreme Court's] decision within which to file his § 2255 motion." *Dodd*, 545 U.S. at 358–59 (emphasis added). "Section 2255(f)(3) does not authorize [a lower court] to read between the lines of a prior opinion [by the Supreme Court] to discern whether that opinion, by implication, made a new rule retroactively applicable on collateral review." *United States v. Mathur*, 685 F.3d 396, 401 (4th Cir. 2012). In keeping with these points, § 2255(f)(3) divides rights finely, requires each to be itself recognized by the Supreme Court, and then requires each to be retroactive. In this way the standards in § 2255(f)(3) create an orderly, rational process. Courts reopen the statute of limitations for specific rights that the Supreme Court itself has newly recognized and do so for one year, but the Supreme Court must be the one to recognize the specific right at issue.

Fatally for Melaku's argument here, the "right" he seeks to vindicate has not been "recognized" by the Supreme Court, because the Supreme Court itself has not recognized that § 924(c)(3)(B) is unconstitutionally vague. In *Johnson* the Court invalidated the residual clause of the ACCA, a separate statute, and specifically rejected the suggestion that its holding regarding the ACCA operated to place similar provisions "in constitutional doubt." 135 S. Ct. at 2561. *See also, e.g.*, *Welch v. United States*, 136 S. Ct. 1257, 1262 (2016) ("The Court's analysis in *Johnson* thus cast no doubt on the many laws that 'require gauging the riskiness of conduct in which an individual defendant engages *on a particular occasion*.'" (quoting *Johnson*, 135 S. Ct. at 2561)). Indeed, on June 26, 2017, the Court ordered reargument in *Sessions v. Dimaya*, a case in which the defendant is arguing that *Johnson* served to invalidate 18 U.S.C. § 16(b), the language of which is substantively identical to § 924(c)(3)(B), the provision Melaku is challenging here. The pendency of *Dimaya* confirms that *Johnson* had not already invalidated § 16(b) or § 924(c)(3)(B).

*See Sessions v. Dimaya*, No. 15-1498, Order (U.S. June 26, 2017).[1] At present, the Supreme Court itself simply has not extended *Johnson* to invalidate 18 U.S.C. § 924(c)(3)(B) as unconstitutionally vague, and the Supreme Court *itself* must be the judicial body that makes that extension of the substantive right for defendant to satisfy § 2255(f)(3). This threshold legal issue bars relief at present.

In its initial motion to dismiss, the government noted that the Fourth Circuit had confirmed the conclusion above that *Johnson* did not invalidate § 924(c). In *United States v. Graham*, the *en banc* court stated, in assessing a *Johnson* challenge to § 924(c) under the plain-error standard, that it is unclear whether *Johnson* should be extended from the ACCA's residual clause to § 924(c)(3)(B). *See* 824 F.3d 421, 424 n.1 (4th Cir. 2016) (en banc). No judge of the Fourth Circuit disagreed on that point. Likewise, in *United States v. Fuertes*, the court stated that, although "the Supreme Court held unconstitutionally vague the [ACCA residual clause], . . . the [Supreme] Court had no occasion to review the . . . residual clause" of § 924(c)(3)(B). *See* 805 F.3d 485, 499 n.5 (4th Cir. 2015).[2] Consistent with this guidance from the court of appeals, numerous judges in

---

[1] Contrary to Melaku's contention in his supplemental filing (*see* Dkt. 83 at 4–5), the pendency of *Dimaya* does not justify a further stay in this case but makes clear that dismissal under § 2255(f)(3) is required at this stage. The fact that the Supreme Court granted certiorari in *Dimaya* clarifies that the Court itself does not believe that it has already "recognized" that 18 U.S.C. § 16(b) or § 924(c)(3)(B) were invalidated by *Johnson*. Separately, the government notes that it disputes Melaku's claim that "[i]f the Supreme Court holds [in *Dimaya*] that § 16(b) is unconstitutionally vague in the wake of *Johnson*, then it would follow that § 924(c)(3)(B) shares the same fate." (Dkt. 83 at 4.) In the government's view, for purposes of analyzing vagueness doctrine, § 924(c)(3)(B) is distinguishable from § 16(b). Of course, if the Supreme Court holds that § 16(b) is not unconstitutionally vague but rejects that the vagueness doctrine applies any differently in immigration proceedings, then, in the government's view, it follows *a fortiori* that a defendant's challenge to the narrower provision in § 924(c)(3)(B) would fail.

[2] Melaku has also pointed to *United States v. Naighton*, 621 F. App'x 170, 178 n.4 (4th Cir. 2015), and *United States v. Hare*, 820 F.3d 93, 105–06 (4th Cir. 2016), as cases indicating that the Fourth Circuit has not determined the impact of *Johnson* on § 924(c)(3)(B). (*See* Dkt. 83 at 3–4.) Melaku is quite correct the Fourth Circuit has not yet decided this issue. But that fact only *confirms* that his § 2255 motion is untimely under § 2255(f)(3): if the Fourth Circuit has declined to assess this

this district have already dismissed *Johnson* challenges to § 924(c) as untimely under § 2255(f)(3).[3]

In addition, and as noted in the government' initial motion, numerous courts of appeals have concluded that *Johnson* did not invalidate § 924(c)(3)(B).[4] Since the government filed its motion to dismiss, two other courts of appeals have reached the same conclusion.[5] This Court, too, has previously held that "the Residual Clause of § 924(c)(3) . . . is not unconstitutionally vague under the precedent set in *Johnson*," noting that the residual clause of § 924(c)(3)(B) is materially different from ACCA's residual clause in several ways, including: § 924(c)(3)(B) contains no confusing list of enumerated offenses, it has been limited to a narrow risk of force during the commission of the offense, and the Supreme Court never has disagreed about its proper

---

issue, then it necessarily follows that the Supreme Court has not *already* "recognized" the right that Melaku is claiming here.

[3] *See, e.g., United States v. Taylor*, 206 F. Supp. 3d 1148 (E.D. Va. Sept. 8, 2016) (Ellis, J.) (dismissing *Johnson* challenge to § 924(c) conviction as untimely and failing to satisfy § 2255(f)(3)); *Byron v. United States*, 2016 WL 5843323 (E.D. Va. Oct. 4, 2016) (Jackson, J.); *Tyndall v. United States*, 2016 WL 5842938 (E.D. Va. Oct. 4, 2016) (Smith, C.J.); *United States v. Brown*, No. 09-212, Dkt 97 (E.D. Va. May 17, 2017) (Cacheris, J.).

[4] *See United States v. Prickett*, 839 F.3d 697 (8th Cir. Sept. 12, 2016) (per curiam) (on rehearing); *United States v. Hill*, 832 F.3d 135, 145–50 (2d Cir. 2016); *United States v. Taylor*, 814 F.3d 340, 375–76 (6th Cir. 2016).

[5] In *Ovalles v. United States*, the Eleventh Circuit "agree[d] with the decisions by the Second, Sixth, and Eighth Circuits and h[e]ld that *Johnson*'s void-for-vagueness ruling does not apply to or invalidate the 'risk-of-force' clause in § 924(c)(3)(B)." 861 F.3d 1257, 1265 (11th Cir. 2017). Likewise, in *United States v. Eshetu*, the D.C. Circuit upheld § 924(c)(3)(B) against constitutional attack, stating "[w]e think the lesson is clear: Section 924(c)(3)(B) and the ACCA are different statutory provisions whose different words address different conduct." 863 F.3d 946, 955 (D.C. Cir. 2017). To date, the Seventh Circuit is the only court of appeals to invalidate § 924(c)(3)(B), in a single-paragraph without substantial legal analysis. *See United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016). The Eleventh Circuit noted its disagreement with *Cardena*, which "summarily" relied on a prior circuit precedent striking down 18 U.S.C. § 16(b) and "did not acknowledge or take the textual differences [between the two statutes] into account." *Ovalles*, 861 F.3d at 1267–68.

construction." *United States v. Romero Cruz*, No. 14-306, Dkt 738 (E.D. Va. Mar. 8, 2016). Considering that this Court and numerous courts of appeals have affirmatively held that *Johnson* did not invalidate § 924(c)(3)(B), it follows that Melaku cannot possibly establish that the right he seeks to rely on has been "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

Since the government filed its motion to dismiss, a series of cases in the Fourth Circuit and elsewhere have confirmed that *Johnson* did not restart the statute of limitations under § 2255(f)(3) for defendants seeking to challenge convictions under § 924(c). In *United States v. Brown*, 2017 WL 3585073 (Aug. 21, 2017), the Fourth Circuit held that the defendant could not invoke Johnson to obtain the benefit of § 2255(f)(3) in order to challenge his sentence imposed under the career offender guideline, U.S.S.G. § 4B1.2(a)(2). As the court noted, for purposes of § 2255(f)(3), "a Supreme Court case has 'recognized' an asserted right within the meaning of § 2255(f)(3) if it has formally acknowledged that right in a definite way." 2017 WL 3585073, at *3. "Correspondingly, if the existence of a right remains an open question as a matter of Supreme Court precedent, then the Supreme Court has not 'recognized' that right." *Id. Johnson*, the court in *Brown* held, "only recognized that ACCA's residual clause was unconstitutionally vague; it did not touch upon the residual clause" in § 4B1.2(a)(2) and did not "recognize a broad right invalidating all residual clauses as void for vagueness simply because they exhibit wording similar to ACCA's residual clause." *Id.* at *4–5. The court further clarified:

> In a future case, the Supreme Court may agree with an argument similar to Petitioner's that because the challenged residual clause looks like ACCA and operates like ACCA, it is void for vagueness like ACCA. . . . [Q]uacking like ACCA is not enough to bring a challenge within the purview of the right recognized by *Johnson*.

*Id.* at *5. In reaching this conclusion, the Fourth Circuit followed recent similar rulings by the Sixth Circuit and the Tenth Circuit. In *Raybon v. United States*, the Sixth Circuit held that a

defendant could not rely on *Johnson* to restart his statute of limitations under § 2255(f)(3) to bring

a challenge to his guidelines sentence, noting that where Supreme Court precedent leaves it as an

"open question," whether *Johnson* extends beyond the ACCA, "it is *not* a 'right that 'has been

newly recognized by the Supreme Court' let alone one that was 'made retroactively applicable to

cases on collateral review.'" 2017 WL 3470389, at *3 (6th Cir. Aug. 14, 2017). Similarly, in

*United States v. Kundo*, the Tenth Circuit held that the defendant's *Johnson*-based challenge to his

§ 924(c) conviction was untimely under § 2255(f)(3), noting that the defendant sought to "rel[y]

on a new right the Supreme Court has not yet recognized, and accordingly the re-starting of the

one-year limitation period provided by 28 U.S.C. § 2255(f)(3) does not apply." 2017 WL 3084628,

at *3 (10th Cir. July 20, 2017).

 *Brown* on its own makes clear that Melaku's motion is untimely under § 2255(f)(3). When

set alongside the additional overwhelming authority discussed above and in the government's

initial motion to dismiss, it is plain that Melaku's motion must be dismissed.

**II. Melaku's challenge to § 924(c)(3)(B) fails for additional reasons.**

 Even if Melaku's petition were not untimely under § 2255(f)(3), and even if *Johnson*

should be read to have invalidated § 924(c)(3)(B), Melaku's petition would fail for a host of other

reasons.

 **A. Melaku's unconditional guilty plea forecloses the claims he raises in his § 2255 motion.**

 As a threshold matter, a guilty plea waives nonjurisdictional defects. *See, e.g.*, *United*

*States v. Moussaoui*, 591 F.3d 263, 279 (4th Cir. 2010) (citing *United States v. Broce*, 488 U.S.

563, 575 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). "When a defendant pleads guilty

he or she, of course, forgoes not only a fair trial, but also other accompanying constitutional

guarantees." *United States v. Ruiz*, 536 U.S. 622, 628 (2002). Here, Melaku entered into a plea

agreement that waived his right to appeal his conviction. *See* Plea Agreement, ¶ 6 at 4. Courts have concluded that an unconditional guilty plea like Melaku's waives a constitutional challenge like the one that Melaku now raises in his § 2255 motion. *See, e.g., United States v. Davila*, 843 F.3d 729, 732-33 (7th Cir. 2016) (defendant's guilty plea foreclosed a collateral attack based on *Johnson*); *United States v. Muhlenberg*, 667 F. App'x 615 (9th Cir. 2016) (rejecting non-*Johnson* challenge to § 924(c) conviction based on Hobbs Act predicate where defendant pleaded guilty and waived right to appeal); *United States v. Martinez-Martinez*, 69 F.3d 1215, 1224 (1st Cir. 1995) (declining to reach § 2255 petitioner's as-applied vagueness challenge "because a valid guilty plea waives all challenges to the factual and legal foundations of the charges").

Melaku cannot now claim that his guilty plea was involuntary or not intelligently made. For one thing, Melaku never moved to withdraw his plea, meaning that such a claim would be procedurally defaulted. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("[E]ven the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.") There is one exception to this rule where the defendant can show either (1) cause and prejudice for the default, or (2) actual innocence. *Id.* at 622. Melaku cannot make either showing here. Further, both the Fourth Circuit and the Supreme Court have long held that, as a general matter, a change in law after a guilty plea fails to make the plea not knowing or voluntary. "[A]bsent misrepresentation or other impermissible conduct by state agents, a voluntary plea of guilty intelligently made in the light of the *then applicable law* does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *United States v. Johnson*, 410 F.3d 137, 152 (4th Cir. 2005) (quoting *Brady v. United States*, 397 U.S. 742, 757 (1970)). *Cf. United States v. Copeland*, 707 F.3d 522, 529 (4th Cir. 2013) ("Copeland cannot invalidate his appeal waiver now to claim the benefit of subsequently issued case law.").

**B.  Willful injury to Government building qualifies as a crime of violence under the force clause.**

Even if Melaku's motion were timely under § 2255(f)(3), and even if *Johnson* could be deemed to have invalidated § 924(c)(3)(B), his motion fails because § 1361—the predicate crime for Melaku's § 924(c) conviction—qualifies as a crime of violence under the "force clause" of § 924(c)(3)(A).

The basis for Melaku's § 924(c)(1)(A) conviction was his deliberate firing of multiple shots with a 9mm semi-automatic pistol at windows of the Pentagon.  The fact that bullets fired by Melaku penetrated the outer layer of the protective windows clearly demonstrate an act of force that had the potential to cause grave injury, or even death, to the military complex's inhabitants. Section 1361, the predicate offense to § 924(c) as charged in this case, states, in pertinent part, that "whoever willfully injures . . . any property of the United States . . . ." shall be guilty of an offense against the United States.  The definition of "crime of violence," as used in § 924(c), "has as an element the use [or] attempted use . . . of physical force against the person or <u>property</u> of another." 18 U.S.C. § 924(c)(3) (emphasis added).  Thus, Melaku's "injury" to the property of the Pentagon through the use of a deadly weapon from which he fired multiple shots, constituted a "crime of violence" for purposes of 18 U.S.C. § 924(c).  *See, e.g.*, *Mbea v. Gonzales*, 482 F.3d 276, 280 (4th Cir. 2007) (holding that arson statute qualifies as a "crime of violence" under 18 U.S.C. § 16(a) because it necessarily involves the use of physical force "against the . . . property of another").

Even if Melaku's motion were timely and even if he could show that *Johnson* served to invalidate § 924(c)(3)(B), his convictions under § 924(c) would remain valid under the force clause of § 924(c)(3)(A).

## <u>CONCLUSION</u>

For all the reasons above, Melaku's request for further stay of his § 2255 motion should be

denied and his petition dismissed.

Date: August 30, 2017                    Respectfully submitted,

                                         Dana J. Boente
                                         United States Attorney


                              By:    _____/s/_____
                                         W. Neil Hammerstrom, Jr.
                                         Assistant United States Attorney
                                         Eastern District of Virginia

                                         The Justin W. Williams
                                             U.S. Attorney's Building
                                         2100 Jamieson Avenue
                                         Alexandria, VA 22314
                                         Phone:        (703) 299-3700
                                         Fax:          (703) 299-3980
                                         neil.hammerstrom@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 30th day of August, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

Date: August 30, 2017

Respectfully submitted,

Dana J. Boente
United States Attorney

By: _____/s/_____
W. Neil Hammerstrom, Jr.
Assistant United States Attorney
Eastern District of Virginia

The Justin W. Williams
            U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, VA 22314
Phone:          (703) 299-3700
Fax:            (703) 299-3980
neil.hammerstrom@usdoj.gov