IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

YONATHAN MELAKU,          )
                          )
    Petitioner,            )
                          )    Criminal Case No. 1:12-cr-00027-GBL
v.                        )
                          )    Civil Case No. 1:16-cv-00698-GBL
UNITED STATES OF AMERICA, )
                          )
    Respondent.            )

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Petitioner Yonathan Melaku's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. No. 75) and the Government's Motion to Dismiss Defendant's § 2255 Petition (Dkt. No. 79). Petitioner moves to vacate his conviction for using a firearm in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c).

The key issue before the Court is whether Petitioner's § 2255 Motion is timely, where the Motion contends that *Johnson v. United States*, 135 S. Ct. 2551 (2015), operates to invalidate Petitioner's conviction under 18 U.S.C. § 924(c). The Court grants the Government's Motion to Dismiss and denies Petitioner's § 2255 Motion because the § 2255 Motion is time-barred. Further, the Court declines to continue holding this case in abeyance.

## I. BACKGROUND

On January 26, 2012, Petitioner waived indictment and pleaded guilty to a three-count Information charging him with injury to government property by shooting with a firearm in violation of 18 U.S.C. § 1361 (Count One); use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Count Two); and attempted injury to a veterans' memorial on

government property in violation of 18 U.S.C. § 1369 (Count Three). The predicate "crime of violence" offense for Count Two was the injury to government property by shooting with a firearm (Count I). On January 11, 2013, the Court sentenced Petitioner to 120 months on Counts One and Two, and 60 months on Count Three, all to be served concurrently for a total of 300 months of imprisonment.

In the memorandum in support his § 2255 Motion, Petitioner argues that injury to government property by shooting with a firearm as prescribed by 18 U.S.C. § 1361 categorically fails to constitute a "crime of violence" under § 924(c)(3)(A) (the force clause). Petitioner also argues that, in light of *Johnson*, the "residual clause" of § 924(c)(3)(B) is unconstitutionally vague and therefore violates his right to due process.

On September 21, 2016, the Government filed a Motion to Dismiss Defendant's § 2255 Petition based upon the grounds that: (1) Petitioner's motion is untimely; and (2) *Johnson* applies to sentences imposed under the Armed Career Criminal Act and, on collateral review, should not be extended to sentences imposed under § 924(c)(3)(B). The Government deferred briefing "[o]ther defenses and merits arguments, such as whether defendants' federal offenses satisfy § 924(c)(3)(A), whether procedural default applies and can be overcome, whether defendants' claims satisfy § 2255(h)(2) . . . ." (Dkt. No. 79 at 2.)

On September 23, 2016, the Court entered an order holding the case in abeyance because issues related to Petitioner's Motion were pending on appeal in other cases. (Dkt. No. 80.) On August 9, 2017, the Court lifted the stay and granted both parties leave to file supplemental briefs. In Petitioner's Supplemental Brief, he contends that the Fourth Circuit has yet to decide whether *Johnson* invalidates the residual clause of 18 U.S.C. § 924(c)(3)(B). (*See* Dkt. No. 85.) Petitioner argues that this Court should continue to hold the case in abeyance until the Supreme

2

Court issues a decision in *Seessions v. Dimaya*, 137 S. Ct. 31 (2016). By contrast, the Government's Supplemental Brief argues that the Court should dismiss Petitioner's § 2255 Motion, among other reasons, because the Motion is untimely pursuant to 18 U.S.C. § 2255(f)(3).

## II. DISCUSSION

### A. Standard of Review

To state a claim for relief under 28 U.S.C. § 2255, a petitioner must show that one of the following occurred: (1) that his or her sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such a sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). When filing a § 2255 motion to vacate, set aside, or correct a sentence, a petitioner bears the burden of proving his grounds for collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). If the motion when viewed against the record shows that the petitioner is entitled to no relief, the court may summarily deny the motion. *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970).

### B. Analysis

The Court grants the Government's Motion to Dismiss and denies Petitioner's § 2255 Motion because the § 2255 Motion is time-barred.

A one-year limitations period applies to a § 2255 motion, and the period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such

3

governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Section 2255(f)(3) provides that a petitioner may bring a claim within a year of the date on which the right asserted was initially recognized by the Supreme Court. "[T]o obtain the benefit of the limitations period stated in § 2255(f)(3), [the petitioner] must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been . . . made retroactively applicable to cases on collateral review'; and (3) that he filed his motion within one year of the date on which the Supreme Court recognized the right." *United States v. Mathur*, 685 F.3d 396, 398 (4th Cir. 2012); *see also United States v. Willis*, 208 F. Supp. 3d 739 (E.D. Va. 2016) (Ellis, J.), *appeal dismissed*, No. 16-7613, 2017 WL 1040539 (4th Cir. Mar. 17, 2017).

The "right" at issue in this case is the right recognized in *Johnson*. The *Johnson* Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. The *Johnson* Court concluded that the way the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" was unconstitutionally vague because the clause encompassed "conduct that presents a serious potential risk of physical injury to another." *Id.* at 2557–58. Subsequently, the Supreme Court held that *Johnson* applies retroactively in cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

*Johnson* generated a number of § 2255 motions—many of which assert arguments similar to what Petitioner argues in this case. The Fourth Circuit has held several cases in abeyance

4

where a petitioner has argued that the ACCA's residual clause held unconstitutionally vague in *Johnson* also means that § 924(c)'s residual clause is unconstitutionally vague. *See, e.g., United States v. Ali,* No. 15-4433 (4th Cir. Oct. 4, 2016) (order granting motion for stay). It appears that the Fourth Circuit will hold those appeals in abeyance until the Supreme Court issues a decision in *Sessions v. Dimaya,* No. 15-1498 (U.S. Sept. 29, 2016). At issue in *Dimaya* is whether 18 U.S.C. § 16(b) is unconstitutionally vague, and that provision appears to be identical to the residual clause of 18 U.S.C. § 924(c).

Although the Fourth Circuit has held several § 924(c) cases in abeyance, its recent decision in *United States v. Brown,* ---F.3d----, 2017 WL 3585073 (4th Cir. Aug. 21, 2017), is instructive. In *Brown*, the majority of a divided three-judge panel denied the petitioner's § 2255 motion, which challenged whether a prior conviction qualified as a predicate "crime of violence" under certain Sentencing Guidelines, based on the ground that *Johnson* had not rendered the petitioner's motion timely by recognizing a new right applicable to him. *See id.* at *3–*4. In doing so, the majority in *Brown* concluded that the Supreme Court has yet to recognize a broad right invalidating all residual clauses as void for vagueness simply because they exhibit wording similar to ACCA's residual clause. *See id* at *4. *Brown* also acknowledged that "[i]n a future case, the Supreme Court may agree with an argument similar to [p]etitioner's that because the challenged residual clause looks like ACCA and operates like ACCA, it is void for vagueness like ACCA." *Id.* at *5.

Although *Brown* addresses the timeliness of a § 2255 motion in the context of whether certain Sentencing Guidelines were unconstitutionally vague, decisions from other courts of appeals and this district court address the timeliness issue in the context of § 924(c)'s residual clause. The weight of authority from other courts of appeals indicates that *Johnson* does not

5

apply to or invalidate the residual clause of 18 U.S.C. § 924(c). *See United States*, 861 F.3d 1257, 1265 (11th Cir. 2017) (collecting cases from Second, Fifth, Sixth, and Eighth Circuits); *see also United States v. Eshetu*, 863 F.3d 946, 955 (D.C. Cir. 2017). Further, the Government's Supplemental Response identifies four judges in the Eastern District of Virginia who have dismissed as untimely *Johnson*-related motions resulting from § 924(c) convictions. (*See* Dkt. No. 84 at 8 n.3.)

Here, the Court holds that Petitioner's § 2255 Motion is time-barred. Petitioner asserts that his sentence is unlawful in light of *Johnson*, and in doing so, Petitioner asserts that *Johnson* restarted the one-year limitations period pursuant to 28 U.S.C. § 2255(f)(3). However, *Johnson* did not create a new rule applicable to the offense for which Petitioner was convicted because his conviction is based on § 924(c)'s residual clause, not the ACCA's residual clause. To date, the Supreme Court has not extended its decision in *Johnson* to cover Petitioner's conviction under § 924(c).

### III. CONCLUSION

Because Petitioner's § 2255 Motion is time-barred, the Court denies the Motion and grants the Government's Motion to Dismiss.

Accordingly, it is hereby

**ORDERED** that Petitioner Yonathan Melaku's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. No. 75) is **DENIED**; and it is further

**ORDERED** that the United States' Motion to Dismiss Defendant's § 2255 Petition (Dkt. No. 79) is **GRANTED**.

To appeal, Petitioner must file a written notice of appeal with the Clerk's Office within sixty (60) days of the date of this Order, in accordance with Federal Rule of Appellate Procedure

4. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the court. Petitioner must also request a certificate of appealability from a circuit judge, in accordance with 28 U.S.C. § 2253 and Federal Rule of Appellate Procedure 22. For the reasons stated in the above Memorandum Opinion, this Court expressly declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

ENTERED this /_20th_/ day of September, 2017

Alexandria, Virginia

                                                /s/
                                      Gerald Bruce Lee
                                      United States District Judge