**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-7397

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

YONATHAN MELAKU,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Gerald Bruce Lee, District Judge.  (1:12-cr-00027-GBL-1; 1:16-cv-00698-GBL)

Submitted:  March 24, 2020                                              Decided:  March 31, 2020

Before MOTZ, QUATTLEBAUM, and RUSHING, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Jeremy Brian Gordon, JEREMY GORDON, PLLC, Mansfield, Texas, for Appellant. Daniel Taylor Young, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yonathan Melaku seeks to appeal the district court's order dismissing as untimely his 28 U.S.C. § 2255 (2018) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B) (2018). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2018). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

In his § 2255 motion, Melaku challenged his conviction for using a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A) (2018), arguing that the underlying crime of violence—willfully injuring federal property, in violation of 18 U.S.C. § 1361 (2018)—is not a valid § 924(c) predicate. The district court denied the motion as untimely. However, the Government has since opted to waive any limitations defense—a decision we are not at liberty to overlook. *See Wood v. Milyard*, 566 U.S. 463, 466 (2012). Furthermore, based on our review of the record, we conclude that reasonable jurists would find debatable whether the crime of willfully injuring federal property constitutes a valid § 924(c) predicate.

Accordingly, we grant a certificate of appealability on the issue of whether an 18 U.S.C. § 1361 offense categorically qualifies as a crime of violence for purposes of 18 U.S.C. § 924(c). And because the district court did not reach the substance of Melaku's motion, we vacate the court's order and remand so that the court can address this issue in the first instance.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] By this disposition, we express no view on the merits of Melaku's motion.