UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:12-cr-00027-RDA-1 |
| YONATHAN MELAKU | ) |
| Defendant/Movant. | ) |

**REPLY TO GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255**

Yonathan Melaku ("Melaku"), by and through the undersigned counsel, respectfully submits this Reply to the Government's Supplemental Memorandum in Opposition to Melaku's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. In support thereof, Melaku offers the following:

The Government's Supplemental Memorandum provides numerous conclusory arguments for finding an offense under 18 U.S.C. § 1361 categorically qualifies as a crime of violence under 18 U.S.C. § 924(c)(3)(A). (Docket Entry "DE" 100). However, the Government's unsupported and imaginative contentions are wholly without merit. As discussed below, the Court should find that an offense under § 1361 fails to qualify as a crime of violence for § 924(c) purposes. Melaku's conviction on Count Two should be vacated and Melaku should be sentenced anew.

First, the Government alleges that it is simply not possible to commit more than $1,000 in damage without the use of violent force. (DE 100 at 9). Curiously, the Government fails to support this conclusion with anything further. This

conclusory argument does not require additional analysis, as the Government has failed to demonstrate how damages more than $1,000 relates to the use of physical, violent force. Even so, as discussed below, an offense under § 1361 causing more than $1,000 in damage can be committed without the use of violent force.

As an alternative argument, the Government focuses on the use of "depredation" in the statute. (DE 100 at 11). Utilizing the 1933 edition of Black's Law Dictionary, the Government concludes that an offense under § 1361 may be committed by robbing, plundering and pillaging. *Id*. While the Government goes into great detail about the evolution of these terms, it fails to cite to a single case where robbing, plundering or pillaging was used to commit an offense under 18 U.S.C. § 1361. Instead, the Government relies on several cases related to piracy instead of injury to Government property. *Id*. at 14.

As its third argument, the Government contends that it is impossible to violate § 1361 while causing more than $1,000 in damage by using only *de minimis* force. *Id*. The Government concludes, once again, without any real legal analysis, that "the question is whether a defendant can intentionally cause more than $1,000 in damage to property without using violent force. Purely as a matter of common sense, the answer is clearly 'no.'" *Id*. at 15. But the Government is mistaken as a matter of law.

The Tenth Circuit recently delved into the quantum of force required for a crime of violence against property in *United States v. Bowen*, 936 F.3d 1091 (10th Cir. 2019). There, the court was tasked with deciding whether witness relation

convictions under 18 U.S.C. § 1513(b)(2) categorically qualify as crimes of violence under 18 U.S.C. § 924(c)(3)(A). *Id.* at 1102. The court noted that witness retaliation under the statute could be committed either by bodily injury to another person or by damages to the property of another. *Id.* The court concluded that witness retaliation through bodily injury undoubtedly qualifies as a crime of violence; however, witness retaliation through damage to property does not. *Id.* at 1103.

Relying on the Court's definition of physical force in *Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010), the Tenth Circuit noted that "'physical force'" means "'force capable of causing physical pain or injury to another person.'" *Id.* And the court noted that:

> [i]n construing [§924(c)(3)], we cannot forget that we ultimately are determining the meaning of the term "crime of violence." The ordinary meaning of this term, combined with [§924(c)(3)(A)'s] emphasis on the use of physical force …, suggests a category of violent, active crimes ….

*Bowen*, 936 F.3d at 1102 (citing *Leocal v. Ashcroft*, 543 U.S. 1, 11 (2004)). With this standard in mind, the Tenth Circuit held that property "crimes of violence" under § 924(c)(3)(A) must include *violent* force and not just injury to property. *Id.* at 1104. Consistent with the reasoning in *Bowen*, the Court should reject the Government's argument that any injury to property necessarily requires violent force.

Finally, the Government argues that Melaku "conflates the *quantum* of force used to commit a crime with the *object* of the force itself." (DE 100 at 16). The Government next reasons:

> It is true that, in a colloquial sense, a defendant who vandalizes government property with spray paint has not done something "violent." But if an offender were to empty a can of spray paint into another person's face, there

3

> would be no doubt that the offender had committed a violent assault. In both cases, however, the quantum of force–*i.e.*, the force deployed by the purposeful release of pressurized chemicals–is the same, and in both cases the force is violent because it is capable of causing physical pain or injury to another person.

*Id*. (internal quotation marks and citation omitted). The Government's argument is logically flawed. While conceding that spray painting a government building is itself not a crime of violence, the Government next contends that the same action against a person would be a violent offense. But the Government's jumps from a non-violent property crime to a violent battery is a stretch beyond imagination. This, the Government explains, is because of "some doctrinal oddness that results from applying the definition of violent force that appears in *Curtis Johnson* to injury-to-property crimes." *Id*.

The "doctrinal oddness" complained of is a result of the Government seeking to apply the *Curtis Johnson* definition out of context to property crimes. Once again, *Bowen* is instructive here:

> As with force applied against or towards people, not all force applied against property is "inherently violent. Some is the equivalent of offensive touching. It is, of course, easy to imagine any number of actions (such as spray-painting another's car) that damage property but do not have the same inherent violence as overcoming the will of a robbery victim. The question, therefore, is: What amount of force against property qualifies as "<u>violent</u> force"?
>
> Although *Stokeling* held that a minimal amount of force–when directed against the <u>person</u> of another–satisfies *Curtis-Johnson's* definition of "violent force," *Stokeling* so held because force applied against or towards a person "need not cause pain or injury or even be prolonged" to be violence. It was enough that the robbery statute at issue required the perpetrator to overcome the will of his victim. This is not so of crimes against property; there is not inherent violence in, for example, spray-painting another's car, [], or "threatening to throw paint on [another's] house, … or … to pour chocolate syrup on his passport,". Nothing about those actions is inherently violent, so

> the mere fact that they damage property cannot make them crimes of violence under § 924(c)(3).
>
> For these reasons, we conclude that the Supreme Court's ruling in *Curtis Johnson* cannot be applied to § 924(c)(3) in the same way the dissent and *Hill II* interpret it. That is, in the context of § 924(c)(3)'s definition of crime of violence, "physical force against the … property of another," § 924(c)(3)(A), does not just mean force that "did or could cause physical pain or injury,".
>
> We are left, then, with the Supreme Court's guidance about when a crime is a crime of violence. In *Curtis Johnson*, the Court defined physical force as "<u>violent</u> force." In *Leocal*, the Court exhorted that "we []not forget that we ultimately are determining the meaning of the term 'crime of violence,'" and the "ordinary meaning of this term … suggests a category of violent, active crimes." Finally, in *Stokeling*, the Court acknowledged that force applied against or towards a person, "need not cause pain or injury or even be prolonged" to be violent. Although spray-painting another's car damages that person's property, we cannot conclude that the <u>mere</u> fact that it damages property means that it requires "violent force," or makes it a crime of violence under § 924(c)(3).

*Bowen*, at 1107-08 (emphasis in original, internal citations omitted).

Contrary to the Government's argument, "current doctrine" does not make it appropriate to replace the property with a person as the object. (DE 100 at 16). Rather, the Government cites to no such doctrine. However, *Bowen* clarifies that force capable of injury to property does not automatically make that force violent. Even more, the court in *Bowen* addressed a substantively similar argument as here–spray painting property is not categorically a crime of violence under § 924(c)(3)(A). The Tenth Circuit also found this conclusion supported by *United States v. Landeros-Gonzales*, 262 F.3d 424, 426-27 (5th Cir. 2001) (concluding that "the intentional marking of another's property" does not qualify as a crime of violence for sentencing enhancement purposes").

5

The Court should reject the Government's argument that spray painting government property–or excavating on government property–requires any level of violent force. The appropriate question is not whether an excavator could use a pickaxe against a person; it is whether digging on government property "suggests a category of violent, active crimes." *Leocal*, 543 U.S. at 11. Clearly, it does not.

18 U.S.C. § 1361's elements can be satisfied in a variety of non-violent ways. Melaku has provided more than mere hypotheticals and has demonstrated that "the most innocent conduct" penalized by the statute does not constitute a "crime of violence." *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012). Accordingly, a conviction under 18 U.S.C. § 1361 does not categorically qualify as a crime of violence under 18 U.S.C. § 924(c)(3)(A). Melaku's conviction on Count Two should be vacated.

## CONCLUSION

Based on the foregoing, the Court should grant Melaku's 28 U.S.C. § 2255 motion, vacate his conviction on Count Two, and re-sentence Melaku on Counts One and Three of the Information.

Respectfully submitted,

          /s/
Joshua Erlich (VA Bar No. 81298)
THE ERLICH LAW OFFICE, PLLC
2111 Wilson Blvd
Suite 700
Arlington, VA 22201
Tel: (703) 791-9087
Fax: (703) 722-8114
Email: Jerlich@erlichlawoffice.com

*Local Counsel for Melaku*

/s/ Jeremy Gordon
Jeremy Gordon
Jeremy Gordon, PLLC
1848 Lone Star Road, Suite 106
Mansfield, Texas 76063
Tel: 972-483-4865
Fax: 972-584-9230
Email: Jeremy@gordondefense.com
TX Bar No. 24049810

*Counsel Pro Hac Vice for Melaku*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was duly filed and served on all counsel of record via the Court's CM/ECF system this 8th day of October 2020.

/s/
Joshua Erlich (VA Bar No. 81298)
THE ERLICH LAW OFFICE, PLLC
2111 Wilson Blvd
Suite 700
Arlington, VA 22201
Tel: (703) 791-9087
Fax: (703) 722-8114
Email: Jerlich@erlichlawoffice.com
