IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>YONATHAN MELAKU,<br><br>Defendant. | No. 1:12-cr-027 (RDA) |

**SECOND STATUS REPORT
REGARDING COMPETENCY**

The United States hereby submits this Second Status Report regarding the Court-ordered competency evaluation of the defendant.

1. On January 17, 2023, the defendant, through counsel, filed a motion for a psychiatric examination to determine whether the defendant is competent to be re-sentenced (Dkt. 120). The United States did not object to the motion (Dkt. 122). On February 15, 2023, the Court agreed and ordered the United States to arrange for a psychiatric evaluation (Dkt. 128).

2. The defendant is currently incarcerated at FMC Rochester, a federal medical center located in Rochester, Minnesota. With the agreement of the defendant, the United States retained Dr. Chinmoy Gulrajani, a board-certified psychiatrist with a subspecialty in forensic psychiatry, to evaluate the defendant. Dr. Gulrajani has completed his evaluation of the defendant, and his report has been filed with the Court under seal.

3. In his report, Dr. Gulrajani indicates that the defendant has schizophrenia, which is consistent with a prior diagnosis of the defendant before the entry of his guilty plea and a diagnosis by the professional staff at FMC Rochester in December 2022. The defendant had

refused to take prescribed medications for his schizophrenia for about two years prior to his most recent evaluation, but he began taking antipsychotic medication in February 2023. In his report, Dr. Gulrajani states that:

> [A]t this time Mr. Malaki does possess the capacity to understand the proceedings against him and the ability to assist with his defense. His present capacity to proceed can be attributed to antipsychotic treatment that he has been receiving (and has accepted) since February 15, 2023. This treatment is directed towards Mr. Melaku's symptoms of psychosis.

Dr. Gulrajani advises, however, that should the defendant stop taking his prescribed medication, there is a "substantial likelihood" that the symptoms of schizophrenia will recur, and the issue of his competence should then be reevaluated.

4. After receiving the report, the undersigned counsel contacted Dr. Gulrajani and asked whether travel from FMC Rochester to EDVA for a hearing would be detrimental to the defendant's mental health and current treatment. Dr. Gulrajani advised:

> While I don't foresee any problems with travel, there is a possibility that his medications get dropped or discontinued if he is housed at a local jail for extended periods. That will certainly increase the likelihood of recurrence of symptoms. I am not sure if virtual hearings are being held. If so, virtual is probably best at this time, in light of his recent clinical stability. If virtual hearings are not being held, he could travel, but it is probably best that he remains in a medical center where he can receive care.

5. The undersigned counsel has provided defense counsel with a copy of Dr. Gulrajani's report. Defense counsel advises that he will need several weeks to evaluate the report and confer, as best he can, with his client before proceeding with a hearing under 18 U.S.C. § 4247(b) and/or a re-sentencing hearing. Counsel indicated that he is generally available for a hearing toward the end of June 2023.

6. The government suggests that the Court conduct a status conference with the parties to determine the most appropriate manner in which to proceed, including, for example,

whether Dr. Gulrajani's report satisfies the requirements of 18 U.S.C. § 4247(c); whether either party disputes Dr. Gulrajani's opinion as to the defendant's competence to be re-sentenced; whether a hearing is required before the Court can determine whether the defendant is competent to be sentenced; and whether the defendant can appear at such a hearing or a re-sentencing hearing by remote video rather than in person. The government is available for such a conference in person or by phone (given that defense counsel's office is in Texas).

      7.      The government has filed Dr. Gulrajani's report separately along with a motion to seal.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By:       /s/
James L. Trump
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2023, I caused the foregoing pleading to be sent electronically to counsel of record through the Court's ECF system.

                                        /s/
James L. Trump
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
703-299-3726
jim.trump@usdoj.gov